# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1123

_____

Derek Lee Schreyer,      *
     *
       Plaintiff - Appellant,      *    Appeal from the United States
     *    District Court for the
     v.      *    District of Minnesota.
     *
Bandag, Inc.,      *      **[UNPUBLISHED]**
     *
       Defendant - Appellee.      *

_____

Submitted: October 17, 2008
Filed: March 3, 2009

_____

Before LOKEN, Chief Judge, BYE and SMITH, Circuit Judges.

_____

PER CURIAM.

Derek Lee Schreyer was injured at work when a tire attached to a curing rim station for retreading exploded. Schreyer received worker's compensation benefits from his employer, Tire Associates Warehouse, Inc., and then sued its franchisor, Bandag, Inc., alleging that Bandag's negligent inspection of the regulator controlling air pressure at the curing rim station and failure to warn Tire Associates of its dangers proximately caused his injuries. After removal to federal court, Bandag moved for summary judgment on the ground that it owed no duty of care to Tire Associates or its employees under Minnesota tort law. Schreyer asserted that Bandag owed him a duty of care under two distinct theories -- because Bandag "retained control" over the operations of its independent contractor, Tire Associates, and because Bandag

assumed a specific duty to protect Schreyer from this dangerous condition by conducting annual safety inspections of Tire Associates' operations.

The district court[1] concluded that Bandag owed Schreyer no duty of care under either theory and granted summary judgment in favor of Bandag. Schreyer v. Bandag, Inc., 2007 WL 4287667 (D. Minn. Dec. 5, 2007). First, noting that Tire Associates purchased and set up the compressed-air system and developed and imposed its own safety standards regarding the use of compressed air, and that Bandag inspected the equipment only once a year, the court held that Bandag "had nothing resembling [the] 'detailed control' over the 'operative detail' of the work done by employees of Tire Associates" that is required to create a general duty of care to those employees under Sutherland v. Barton, 570 N.W.2d 1, 5-6 (Minn. 1997). Schreyer, 2007 WL 4287667 at *5.

Second, the court held that Bandag did not voluntarily assume a specific duty of care to Tire Associates or its employees when Bandag employee John Bertotti conducted a routine annual safety inspection of Tire Associates' operations eight months before the accident. Applying Cracraft v. City of St. Louis Park, 279 N.W.2d 801, 806-07 (Minn. 1979), and In re Norwest Bank Fire Cases, 410 N.W.2d 875, 878-79 & n.5 (Minn. App. 1987), the court concluded there was no assumed duty because (1) there was no evidence Bertotti knew of any malfunction or dangerous condition affecting the air-pressure regulator; (2) even if Bertotti failed to detect a malfunction, that did not *increase* the risk of harm that already existed; and (3) there was no evidence that the actions of Bandag or Bertotti caused Tire Associates or its

[1]The HONORABLE PATRICK J. SCHILTZ, United States District Judge for the District of Minnesota.

employees not to take their own measures to ensure that the compressed air system was working properly. <u>Schreyer</u>, 2007 WL 4287667 at *6-7.[2]

Schreyer appeals, arguing that Bandag owed him a duty of care under both theories. Reviewing the grant of summary judgment and the district court's interpretation of Minnesota law *de novo*, we affirm for the reasons stated in the district court's thorough Order dated December 5, 2007. <u>See</u> <u>Thornton Drilling Co. v. Nat'l Union Fire Ins. Co.</u>, 537 F.3d 943, 945 (8th Cir. 2008) (standard of review).

The judgment of the district court is affirmed.

_____

[2]Both Bandag and Tire Associates knew that the pressure of compressed air flowing to the curing rim station should not exceed 10 pounds per square inch (psi). Bertotti testified that he checked the reading of the pressure gauge during his inspection but did not test the gauge for accuracy because it was his practice to instruct Tire Associates managers to test the gauge. After the accident eight months later, Bertotti returned and discovered that, although the gauge read 10 psi, the curing rim in fact was receiving *110* psi. There was no evidence establishing when the air pressure regulator began malfunctioning. Bandag did not manufacture or supply the curing rim equipment, the air pressure regulator, or the gauge.